Shauck, J.
The two cases entitled, and numerous others of which they are types, are submitted on motions to dismiss the petition in error. In the case firstly entitled, the judgment of the court of appeals, whose' reversal is sought, was rendered in a case that was pending in the circuit court of Summit county on the first day of January, 1913.
In the case secondly entitled the judgment of the court of appeals, whose reversal is sought here, was rendered in a cause not pending in the circuit court at that day but taken to the court of appeals on the 18th of February, 1913.
The petitions in error in both of these cases have been filed here with copies of the record in accordance with the practice which had grown up under the provision of the constitution of. 1851 relating to the appellate jurisdiction of this court *459 and the statutes passed pursuant thereto. The questions for determination arise out of the amendments to the constitution made in September, 1912, and the motions to dismiss are predicated upon the theory that by those amendments the cases are either excluded from our jurisdiction or are required to be brought here only by some resort to this court to invoke its authority to order the circuit court to send to us a transcript of its record.
. The questions chiefly arise out of the amendment to the fourth article of the constitution then adopted which relates to the vesting and the exercise of the judicial power of the- state. The article, as is admitted, became effective January 1, 1913. The second section of the article contains a formal grant of jurisdiction to this court as follows: The supreme court “shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and appellate jurisdiction in all cases involving questions arising under the constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the courts of appeals, and such revisory jurisdiction of the' proceedings of administrative officers as may be conferred by law.” Then follow in the same section provisions relative to the election of the judges and the manner in which the jurisdiction of the court shall be exercised. Later in the' same section there is the following provision: “In cases of public or great general interest the supreme court may, within such limitation of time as may be prescribed by law, direct any court of appeals to. *460 certify its record to the supreme court, and may review, and affirm, modify or reverse the judgment of the court of appeals.” The provision lastly quoted, though separated by many provisions from the formal grant of jurisdiction, must, we think, be regarded as bringing within our jurisdiction cases of public or great general interest decided by the court of appeals, though brought into that court after the first of January. The question chiefly discussed is whether the proceeding in cases brought from that court to this may be prosecuted according to the substance and forms of the proceeding in error formerly in vogue. That they, may be was assumed by those who have instituted the proceedings. And in support of that view it is urged that all cases pending in any of the courts of the state on the first day of. January, 1913, were, as to the judgments therein rendered, subject to proceedings in error instituted in the reviewing courts of the state successively, according to the former practice. This conclusion is said to be justified by the following provision contained in the last of the schedules to the submitted amendments: “Provided that all cases pending in the courts on the first day of January, 1913, shall be heard and tried in the same manner and by the same procedure as is now authorized by law.” The view presented, it must be admitted, is favored by the use of terms which without words of severalty embrace all the courts of the state.. But whatever conclusion might be required by this inartificial provision, if no other consideration intervened, it may be required in order to give effect to all contemporaneous and cognate pro *461 visions that this shall be regarded as meaning that all cases pending in the several courts of the state shall proceed in such courts according to the law then in force. This interpretation would not deny a definite purpose to the provision and it may be required by an application to the entire body of the amendments of a familiar rule of interpretation. The rule is that special provisions relating to a subject will control general provisions in which, but for such special provisions, the subject might be regarded as embraced. The subject of inquiry is the jurisdiction of this court to review judgments of the court of appeals and the manner in which that jurisdiction shall be invoked and exercised. The following provision relating specially to that subject is found in Article IY of the amendments: “All pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals, and the supreme court, as now provided by law, and cases brought into said courts of appeals after the taking effect hereof shall be subject to the provisions hereof.” Certainly the same proceeding in error could not be prosecuted in both the court of appeals and the supreme court, since to secure a review in the latter court would require the institution of a proceeding in error for that purpose. But the same observation may be made respecting the view based upon the provision of the last schedule. That view would, as this does, require the assumption that the word “case” is used in its fireside signification of a controversy that is litigated, without distinction between cases and proceedings and without regard *462 to the point reached in the prosecution of the controversy through the several courts of the state. It seems to be conclusive of the question that effect cannot be given to all the terms of' the provision quoted from Article IV without concluding that the judgments which the court of appeals may render in cases or proceedings brought into the circuit court prior to the first day of January, 1913, may be reviewed in this court upon a petition in error filed here as a matter of legal right and in accordance with the former practice.
It seems to be quite clear that the judgments of the court of appeals in proceedings in error which were begun in that court after January 1, 1913, may be reviewed here only upon the condition and in the manner prescribed in the fourth article as amended, and the entire sentence quoted from that article denotes an evident purpose to make some distinction in that particular between error proceedings instituted in the circuit court before and those instituted in the court of appeals after January 1, 1913, if they are entitled to consideration here for no other reason than that they are cases of public or great general interest. The condition expressly prescribed' is that they shall be cases of that character and the manner in which our jurisdiction is to be invoked and-exercised is indicated only by the following provision: “The supreme court may, within such limitation of time as may be prescribed by law, direct any court of appeals to certify its record to the supreme court, and may review, and affirm, modify or reverse the judgment of the court of appeals.” *463 The limitation of time which the legislature is authorized to prescribe has not been prescribed, as we are informed by industrious counsel who have searched through the last volume of the acts of the general assembly. The limitation prescribed by the terms of the amendment seems to be upon the action of the court and not upon the party who invokes the action, and it is entirely silent as to the manner in which the exercise of the jurisdiction to review cases of the character contemplated shall be invoked. In this situation we can get no light from a consideration of the evils to be remedied or the benefits to be accomplished, for, so far as we are aware, the evil of too frequent resort to this court was the only evil contemplated and the prevention of that, if nothing further was desired, would have been naturally accomplished by an amendment to the statute requiring proceedings in error in cases of that character to be instituted here only upon motion and leave granted.
Careful consideration is due the view that the jurisdiction of this court to review the judgments of the court of appeals in cases of public or great general interest may be invoked by a petition in error filed on leave, such leave to be granted on an application showing that the case is of public interest and so Avithin our jurisdiction and that substantial error has probably intervened. All else of our jurisdiction in error is conferred in the general and formal grant found in the earlier portion of the section of the amendment quoted. It is conferred under the designation of “appellate jurisdiction” in the same terms that were used in the constitution of 1851, laying the foundation of *464 the practice in error which has been adhered to for more than half a century. It is said that a generation familiar with the writ of certiorari abandoned it for the simpler review by proceedings in error, and that in the amendments there is no suggestion of an intention to return to it for the reviewing of cases involving constitutional questions or cases originating in the court of appeals, and that since all • of these cases will continue to be brought here by the proceeding in error as formerly it should not be assumed that it was designed by the amendments to introduce the confusion of two modes of proceeding to invoke the exercise of the supreme court’s jurisdiction in error. The suggestion is of obvious force, and it should be regarded as conclusive if the language by which we are authorized to review cases of public interest were so vague as to admit of interpretation. Whatever may be thought of the character of the amendments submitted in September, 1912, or of the time and manner of their submission, or of the small minority vote by which they were ratified, those of them which were ratified are entitled to full recognition as parts of the organic law of the state. If we are asked how the character of a case decided by the court of appeals can be made more clear by a record sent here pursuant to our order than by the same record presented by the party who seeks to have it reviewed, we are permitted to answer that we do not know. If the inquiry is why we ignore the records voluntarily presented^ by the parties and insist that an order from this .court to the court of appeals to certify its record to us is a pre *465 requisite to the review of cases of this character, it is a sufficient answer that it is so ordained. There can be no equivalent to a constitutional requirement. Authority to review causes of public interest is not embraced within the general grant of our jurisdiction. It is conferred as an authority to be exercised at our discretion, the authority to review to be preceded by our order to the court of appeals to certify its record to us.
The authority to review cases of this character is conferred by the terms of the amendment, apparently leaving the court to determine the manner in which its exercise shall be invoked. The legislature is authorized to prescribe the limb tation of time within which the order shall be made, which should be taken to mean the time within which it may be applied for: The authority so conferred upon the legislature not having been exercised, the entire subject seems to be within our authority to prescribe such rules as are consistent with law for the proper institution of cases here and their conduct before us. No limitation having yet been prescribed for invoking our authority with respect to cases of this character, a limitation of seventy days is now prescribed in analogy to the statute applicable to other cases in error but not to so .operate as to prevent a review of judgments of the court of appeals in cases which were brought into that court after the first of January, if they are cases of public or great general interest. Opportunity should now be granted for a resort to this court in accordance with the mode required by the amendment for cases of this character and with the rule herewith *466 prescribed. Although the petitions in error m cases of this character having been filed without authority as required by the amendment must be dismissed, that dismissal will be without prejudice to the rights of complaining parties to apply here for orders requiring the court of appeals to certify the records to us.
Having thus stated our views of the provisions affecting the questions before us, we refer counsel and the bar of the state to the syllabus prefixed to this report for a definite statement of the rules prescribed.
The motion in the case first entitled will be overruled and in the other case it will be sustained.
Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.